[Civ. No. 3718.   First Appellate District, Division Two.—February 4, 1921.]

## KONSTA LINGREN et al., Appellants, v. D. M. NICHOLAS, Respondent.

[1] Assault—Judgment — Exemplary Damages Included. — In this action for damages for an alleged malicious unlawful assault, the contention of the appellants that the judgment in their favor did not include exemplary damages is not well founded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank J. Murphy for Appellants.

D. M. Nicholas, *in pro. per.*, for Respondent.

STURTEVANT, J.—The plaintiffs sued the defendant for damages caused by an alleged malicious unlawful assault and recovered a judgment for $250. Being dissatisfied with the amount thereof, the plaintiffs appealed, under section 953a of the Code of Civil Procedure. In their brief the appellants make only one point—the award was insufficient. In making this point they claim they should have been awarded exemplary damages. [1] We think it may be said that the judgment of the trial court included exemplary damages and that the contention of the appellants is not well founded.

The appellants, in their complaint, pleaded an unlawful assault by the respondent upon Mrs. Lingren and they pleaded that such assault was oppressive and malicious. The trial court found on all of the issues in favor of the appellants and fixed the damages in the sum of $250. The evidence was quite evenly balanced on the questions (1) as to whether the assault was made by Mr. Nicholas or Mrs. Lingren, (2) as to the injury, if any, caused to Mrs. Lingren, and (3) as to her expenses incurred by reason of such injuries. It is clear that after the assault Mrs. Lingren became sick and disabled; but it is not at all clear that such sickness or disability was caused by or resulted from the alleged assault. The principal disability from which she subsequently suffered was an infected sore on one of her feet. The assault occurred July 14, 1917. She consulted her physician July 17, 1917. It was not till July 28, 1917, that she complained to him, according to his testimony, of any soreness on the foot. He further testified that the condition of the foot could, or could not, be the result of an injury to the foot received at the time of the assault. As to whether the injury was so caused was a question for the determination of the trial court. That court had the power under the facts to determine that the condition of the foot was not caused by any injury received in the assault July 14, 1917. In support of the judgment, assuming that the trial court did so determine,

there is nothing in the record tending in the least to show
that that court abused its discretion.

The judgment should be affirmed, and it is so ordered.

Langdon, P. J., and Nourse, J., concurred.